988 F.2d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leroy WOODS, Plaintiff-Appellant,
v.
Richard O. DAVIS; Lesley Portee, Defendants-Appellees.
 No. 92-15804.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-85-01872-RCB(MM); Robert C. Broomfield, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leroy Woods, an Arizona state prisoner, appeals pro se the district court's dismissal of his civil rights action pursuant to Fed.R.Civ.P. 37. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's imposition of sanctions under Rule 37 for abuse of discretion, Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir.1985), and we affirm.
 
 
 3
 * Background
 
 
 4
 Woods, who was incarcerated, filed a pro se complaint against two City of Mesa Police Department detectives alleging the detectives violated his fourth amendment and due process rights when they seized personal property from his residence. On August 19, 1988, the detectives noticed Woods' deposition for September 7, 1988. In response, on August 23, 1988, Woods sent opposing counsel a letter requesting that the two detectives be available for Woods to depose the day of Woods' scheduled deposition, September 7, 1988. On August 30, 1988, counsel for the detectives confirmed that the two detectives would be available as Woods requested. On September 6, 1988, pursuant to Fed.R.Civ.P. 30(a), the district court signed an order granting the detectives leave to depose Woods.
 
 
 5
 On September 1, 1988, Woods mailed the district court a motion for an order prescribing the terms of his deposition. The district court did not rule on the motion until September 21, 1988. Meanwhile, on September 7, 1988, the detectives, their counsel, and a court reporter traveled approximately 200 miles to the state prison in Fort Grant, Arizona to depose Woods and to allow Woods to depose the two detectives. Counsel for the detectives attempted to depose Woods, but Woods refused to be deposed until the district court ruled on his motion for an order prescribing the terms of his deposition. Counsel for the detectives agreed to Woods' proposed terms and conditions to the extent the terms were within their control. Nevertheless, Woods refused to proceed. Counsel then showed Woods the district court's order granting them leave to depose Woods, but Woods refused to answer substantive questions.
 
 
 6
 Subsequently, the detectives filed a motion for summary judgment and a motion to dismiss pursuant to Fed.R.Civ.P. 37(b) and (d). The district court denied the motion for summary judgment. Nevertheless, the district court found that Woods' conduct at the time of his scheduled deposition was "dilatory and in bad faith" and granted the motion to dismiss as a sanction for Woods' refusal to be deposed in spite of the court's Rule 30(a) order.[1] Following the district court's denial of Woods' Fed.R.Civ.P. 59(e) motion for reconsideration, Woods timely appealed.
 
 II
 Merits
 
 7
 On appeal, Woods contends the district court abused its discretion by dismissing his complaint as a sanction for his refusal to be deposed on September 7, 1988. This contention lacks merit.
 
 
 8
 We will not disturb the district court's decision to impose discovery sanctions under Rule 37 "unless we have a definite and firm conviction that the court ... committed a clear error of judgment." Fjelstad, 762 F.2d at 1337 (quotations omitted). Nevertheless, where the district court imposes the "drastic sanction[ ] of dismissal ..., the range of [the court's] discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith." Id. (quotations omitted). " '[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." Henry v. Gill Indus., Inc., Nos. 91-15727, 91-16004, slip op. 209, 219 (9th Cir., Jan. 12, 1993) (quoting Fjelstad, 762 F.2d at 1341).
 
 
 9
 Here, Woods refused to go forward with the deposition even after the detectives' counsel attempted to accommodate Woods' proposed terms and showed Woods a copy of the district court order granting them leave to depose Woods. Woods' refusal to be deposed cost the detectives in excess of $2,000 in attorneys' fees, court reporter costs, travel costs, and lost work time. As the district court noted, an award of attorneys' fees or costs against Woods, who was incarcerated and indigent, would have been a "hollow gesture." Our review of the record leads us to conclude that the district court correctly found that Woods "appears more desirous of litigating for its own sake rather than achieving the relief sought." Given these circumstances, the district court did not abuse its discretion by dismissing Woods' action. See Fjelstad, 782 F.2d at 1337.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court issued an order dismissing the complaint and then entered a judgment dismissing the action. Therefore, the order was final and appealable